992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth BRANDON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4022.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before MERRITT, Chief Judge, and KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Kenneth Brandon, with the aid of counsel, pleaded guilty to unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to a 90 month term of incarceration. He did not take a direct appeal from this conviction. Brandon subsequently filed the instant § 2255 motion in which he challenged the constitutionality of the bank robbery conviction. The district court denied the relief sought without a hearing and this appeal followed. The parties have briefed the issues; Brandon is proceeding without counsel.
 
 
 3
 Upon consideration, we find no error in the judgment on review. This case centers on the circumstances surrounding the plea agreement. The statutory maximum for a violation of 18 U.S.C. § 2113(a) is twenty years. In addition, Brandon had a history of felony convictions. The probation officer concluded, and the parties did not dispute, that Brandon's guideline range would have been 168-210 months based, in large part, on Brandon's extensive criminal history. The parties, however, agreed to a plea bargain in which Brandon would receive a 90 month sentence. This agreement was apparently reached as a result of Brandon's desire to avoid exposure to the longer term of incarceration and the government's assessment of the merits of the case against Brandon. The district court, obviously in furtherance of the plea agreement, subsequently found that Brandon was not a career offender. It is upon this finding that the instant motion to vacate is premised.
 
 
 4
 Brandon now contends that, as the district court found that he was not a career offender, he is entitled to be resentenced using the lesser criminal history category. Brandon frames this contention in the context of an ineffective assistance of counsel claim, noting that his attorney was deficient for not bringing this to the sentencing court's attention.
 
 
 5
 Brandon's motion lacks merit. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Brandon's motion to vacate is not so much an effort to demonstrate attorney error as it is an exercise in attempting to get the benefit of his plea bargain with none of the bargained-for consequences by construing the proceedings out of context. The appeal lacks merit.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.